UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL MURPHY,

    Petitioner,

  v.

ERIC ARNOLD,

    Respondent.

No.  2:15-cv-2321 AC P

ORDER

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Petitioner has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a).  ECF No. 4.

    I.    Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  ECF No. 2.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

    II.    Petitioner's Allegations

Petitioner was convicted of kidnapping for robbery in 1986, and sentenced to life with the possibility of parole.  ECF No. 1 at 1.  He challenges a July 2014 decision by the Board of Parole Hearings (Board), denying him parole.  Id. at 5.  Petitioner initially alleges that the Board failed to

1

1  fix his base term and adjusted base term as required by the settlement in <u>In re Butler</u>, California
2  Court of Appeal Case No. A139411 (First Appellate District, Division 2), but later alleges that his
3  base term was set at thirteen years and attaches documentation showing his adjusted base term
4  was set at 180 months, or fifteen years.  <u>Id.</u> at 5, 8, 41, 51.  He alleges that "[t]he purpose in
5  setting base terms and adjusted base terms is to establish a total period of confinement" (<u>id.</u> at 5)
6  and that he has now been in prison for almost twice the thirteen-year maximum sentence imposed
7  by the board (<u>id.</u> at 8).  Petitioner argues that the failure to comply with <u>In re Butler</u> violates his
8  rights under the First, Eighth, and Fourteenth Amendments.  <u>Id.</u> at 6.

9      III.    <u>Discussion</u>

10  Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f
11  it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled
12  to relief in the district court."  As set forth below, the petition fails to state a cognizable claim for
13  relief and will be dismissed.

14  The United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that
15  had supported habeas review of parole denials in California cases.  <u>Swarthout v. Cooke</u>, 562 U.S.
16  216, 219 (2011).  The Supreme Court held that federal habeas jurisdiction does not extend to
17  review of the evidentiary basis for state parole decisions.  <u>Id.</u>  Because habeas relief is not
18  available for errors of state law, and because the Due Process Clause does not require correct
19  application of California's "some evidence" standard for denial of parole, federal courts may not
20  intervene in parole decisions as long as minimum procedural protections are provided.  <u>Id.</u> at
21  219-20.  The protection afforded by the federal Due Process Clause to California parole decisions
22  consists solely of the "minimum" procedural requirements set forth in <u>Greenholtz v. Inmates of</u>
23  <u>Neb. Penal & Corr. Complex</u>, 442 U.S. 1 (1979).  <u>Cooke</u>, 562 U.S. at 220.  Specifically, it is
24  required only that petitioner be provided with "an opportunity to be heard and . . . a statement of
25  the reasons why parole was denied."  <u>Id.</u> (citing <u>Greenholtz</u>, 442 U.S. at 16).

26  The petition and exhibits make clear that petitioner was present at the hearing and
27  provided a statement of the reasons parole was denied.  ECF No. 1 at 45-52.  "[T]he beginning
28  and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum

procedures adequate for due-process protection." Cooke, 562 U.S. at 220. The Ninth Circuit has acknowledged that after Cooke, substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Therefore, to the extent petitioner is simply attempting to challenge the denial of parole, his claim is not cognizable.

With respect to petitioner's claim that the Board's failure to adhere to the terms of the settlement in In re Butler violates his constitutional rights, the agreement required the Board to announce and implement the procedures petitioner contends should be applied to him. In re Butler, 187 Cal. Rptr. 3d 375 (2015). The stipulated judgment required "the Board to publicly announce and implement new policies and procedures that would result in the setting of base terms and adjusted base terms at life inmates' . . . next hearing resulting in a grant or denial of parole." Id. at 376. The calculation of base and adjusted base terms at the outset of the sentence was viewed as assisting the courts in determining whether an indeterminate sentence was becoming excessive, or was in fact excessive. Id. at 389. The calculations were also seen as potentially discouraging the Board from unduly denying parole suitability, but the settlement did not mandate parole suitability findings in a prisoner's favor at any particular time. Id. 388-89.

> [T]he Board regulations specified in the settlement and stipulated order as governing establishment of the base and adjusted base terms . . . do not indicate that the base and adjusted base terms the Board promptly fixes for a particular prisoner constitute the Board's estimate of the maximum prison term constitutionally proportionate to that prisoner's culpability for his or her base crime. Nor do any of the specified regulations prohibit the Board from refixing a base or adjusted base term. Nevertheless, the base and adjusted base terms represent an approximation of the punishment the Board deems proportionate to the particular prisoner's offense.

Id. at 389. Thus, contrary to petitioner's claim that the base term is the maximum time he can legally be required to serve for his crime (ECF No. 1 at 8), the base and adjusted base terms in petitioner's case have only a speculative effect on whether he will be granted parole before the expiration of his life. However, whether the effect is speculative or not, In re Butler governs only state administrative procedures and does not establish new maximum sentences.

///

///

3

1      To the extent petitioner contends that the failure to release him violated his due process

2 rights and the Eight Amendment's prohibition of cruel and unusual punishment because he has

3 served more than the thirteen-year base term established by the Board, he fails to state a claim.

4      With respect to the due process portion of petitioner's argument, it is established that

5 "[t]here is no right under the Federal Constitution to be conditionally released before the

6 expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."

7 Cooke, 562 U.S. at 220 (citing Greenholtz, 442 U.S. at 7).  If state law does create a liberty

8 interest in parole, "[w]hatever liberty interest exists is . . . a *state* interest."  Id. (emphasis in

9 original).  Due process is satisfied as long as the state provides an inmate seeking parole with "an

10 opportunity to be heard and . . . a statement of the reasons why parole was denied."  Id. (citing

11 Greenholtz, 442 U.S. at 16).  As already explained, the petition and exhibits establish that

12 petitioner was afforded the minimal procedures required to satisfy due process.  ECF No. 1 at

13 45-52.

14      As for petitioner's Eighth Amendment claim, a criminal sentence that is "grossly

15 disproportionate" to the crime for which a defendant is convicted may violate the Eighth

16 Amendment.  Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Rummel v. Estelle, 445 U.S. 263, 271

17 (1980).  However, outside of the capital punishment context, the Eighth Amendment prohibits

18 only sentences that are extreme and grossly disproportionate to the crime.  United States v. Bland,

19 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991)

20 (Kennedy, J., concurring)).  Such instances are "exceedingly rare" and occur in only "extreme"

21 cases.  Andrade, 538 U.S. at 73; Rummel, 445 U.S. at 272.  "A punishment within legislatively

22 mandated guidelines is presumptively valid."  United States v. Mejia–Mesa, 153 F.3d 925, 930

23 (9th Cir. 1998) (citing Rummel, 445 U.S. at 272).  "'Generally, so long as the sentence imposed

24 does not exceed the statutory maximum, it will not be overturned on eighth amendment

25 grounds.'"  Id. (quoting United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990)).

26      The United States Supreme Court has held that a life sentence is constitutional, even for a

27 non-violent property crime.  See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the

28 possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of

4

1  obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to
2  ten years); see also Harmelin, 501 U.S. at 961, 994-96 (upholding a sentence of life without the
3  possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine,
4  although it was his first felony offense).  Accordingly, a life sentence kidnapping for robbery such
5  as was committed by petitioner would not constitute cruel and unusual punishment under the
6  Eighth Amendment.  See Wilkerson v. Nelson, 133 F.3d 931 (9th Cir. 1998) (unpublished
7  decision finding a life sentence for kidnapping for robbery is not cruel and unusual punishment
8  under the Eighth Amendment).  Accordingly, petitioner's claim of cruel and unusual punishment
9  must be dismissed.

10  Finally, petitioner claims that his First Amendment right to access the courts has been
11  violated by the Board's failure to set a base term and adjusted base term.  Specifically, he alleges
12  that because the Board has not set a base term or adjusted base term, he cannot obtain judicial
13  review of the constitutionality of his sentence from the state courts.  ECF No. 1 at 6-7.  Even if it
14  is true that petitioner cannot obtain state court review related to whether his sentence is
15  unconstitutionally excessive until the Board has set a base term and adjusted base term, it is clear,
16  both from the petition and its attachments, that base and adjusted base terms have been set.  Id. at
17  7-8, 41, 51.  Therefore any claim based on the Board's alleged failure to set base and adjusted
18  base terms must fail.

19  IV.    Conclusion
20      For the reasons set forth above, the petition will be dismissed for failure to state a claim.
21  V.    Summary
22      The petition is dismissed because a claim that parole was improperly denied does not state
23  a federal constitutional claim unless petitioner was denied a hearing or was not told the reasons
24  why parole was denied.  Petitioner received a hearing and a statement of reasons.  The petition is
25  also denied because the Board did set a base term and adjusted base term for petitioner.
26  In re Butler does not require petitioner to be released once he has completed either of those terms,
27  and life with the possibility of parole for kidnapping for robbery does not violate the Eighth
28  Amendment.

VI.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth herein, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Petitioner's application for a writ of habeas corpus is dismissed.

3. No certificate of appealability shall issue.

DATED: November 18, 2016.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE